THE STATE on the relation of ELIZA MERRITT *v.* Z. G. McQUAIG.

A bastard, born in this State of a mother who has not resided in it "for twelve months," is chargeable for maintenance upon the County in which it is born.

STATE *ex. re.* MERRITT *v.* McQUAIG.

BASTARDY, before *Mitchell, J.*, upon a motion to quash the proceedings, at Spring Term 1868, of the Superior Court of MECKLENBURG.

It was admitted that the mother was from South Carolina, and at the time of the child's birth had resided in Mecklenburg County for but a few days.

His Honor directed the proceeding to be quashed, whereupon the State appealed.

*Attorney General*, for the State.
*Wilson, contra.*

SETTLE, J. The difficulty in the case before us does not arise under our statute entitled "Bastard Children," Rev. Code, ch. 12, but it grows out of a provision of our law in relation to the settlement of the poor, Rev. Code, ch. 86, sec. 12. The two acts, however, are parts of the same system, and are to be construed together.

Do the provisions of the act in relation to the settlement of the poor apply to a case where the mother has emigrated from another State to a county in North Carolina? They do not.

The purpose of this act evidently was to fix each county in the State with the responsibility of supporting its own poor. Provision is made by section 13, of the same chapter, for sending paupers to counties within the State, where they properly belong, the object being to regulate the question of settlement between the counties as to those paupers who had acquired a settlement somewhere in the State.

In the case before us, the mother and her bastard child cannot be sent back to South Carolina, nor can they be sent to any other county in this State. Mecklenburg, therefore, being the county of birth is liable to become charged with the maintenance of this bastard. The decisions in our own reports afford no light, as the question of settlement is only discussed as between different counties.

Since our act did not contemplate the case of foreign paupers, the question of settlement is left as at common law, and in

a case like ours, is the place of birth. Com. Dig. Tit. Justice of Peace, B. 71—"A settlement in a parish may be acquired by birth, for wherever the child is first known to be, that is, always *prima facie* the place of settlement, until some other can be shown. This is also generally the place of settlement of a bastard child; for a bastard having in the eyes of the law no father, cannot be referred to his settlement, as other children may." 1 Bl. Com. 363.

There was error in directing the proceedings to be quashed. Let this be certified, &c.

PER CURIAM.                                                      Error.